UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEJANDRO ESTRADA-PEREZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. C16-5511 BHS<br>CR14-5159-BHS<br><br>ORDER DENYING PETITION |

This matter comes before the Court on Alejandro Estrada-Perez's ("Petitioner") motion under 28 U.S.C. § 2255. Dkt. 1. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

On January 22, 2015, Petitioner pled guilty to Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. Cause No. CR14-5159, Dkts. 154, 155. Petitioner also pled guilty to Illegal Alien in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 2. *Id.* On April 27, 2015, the Court sentenced Petitioner to a total term of 84 months of incarceration. *Id.*, Dkts. 258,

ORDER - 1

260. The conviction included a mandatory 60-month sentence pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(B). Except for the motion presently before the Court, Petitioner has neither appealed his conviction nor filed any post-conviction motions.

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was an unconstitutionally vague sentencing statute in violation of the Due Process Clause. *Id*. at 2557. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016). In *Welch*, the Court held that "that *Johnson* is retroactive in cases on collateral review . . . ." *Id*. at 1268.

On June 16, 2016, Petitioner filed his motion under 28 U.S.C. § 2255. Dkt. 1-1. Petitioner argues that his sentence was enhanced under the ACCA and that it should be reduced pursuant to the Supreme Court's ruling in *Johnson*. Dkt. 1. On July 22, 2016, the Government responded. Dkt. 3. The Government contends that the motion is procedurally barred and that the Supreme Court's ruling in *Johnson* is inapplicable to Petitioner's sentence. *Id.*

## II. DISCUSSION

Petitioner's claim is procedurally barred by his failure to raise his claim on direct review. "[F]or federal and state convictions, habeas review is not to substitute for an appeal." *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007). The Ninth Circuit "has held that the failure to raise sentencing issues may preclude the Petitioner from asserting those issues by way of a § 2255 petition." *United States v. Schlesinger*, 49

F.3d 483, 485 (9th Cir. 1994). Accordingly, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice'. . . ." *Id.* at 1149 (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

Petitioner did not raise his claim at trial, nor did he appeal his conviction. In light of this default, Petitioner may not implement 28 U.S.C. § 2255 to collaterally raise sentencing issues without showing both (1) cause for his failure to raise the issue on direct review and (2) actual prejudice. *United States v. Frady*, 456 U.S. 152, 168 (1982). Petitioner can show neither.

**A.    Cause**

Petitioner cannot show cause for failing to bring his claim on direct review.[1] "[A] claim that 'is so novel that its legal basis is not reasonably available to counsel' may constitute cause for a procedural default." *Bousley*, 523 U.S. at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). Petitioner's reliance on *Johnson* necessarily implicates a novel theory. However, the fact that *Johnson* was decided subsequent to Petitioner's sentencing does not by mean that the issue litigated in *Johnson* was so novel as to prevent Petitioner from raising it on direct review. *See Bousley*, 523 U.S. at 622 (finding no cause

---

[1] Petitioner's plea agreement includes an appellate waiver, which may explain his failure to appeal. Dkt. 155 at 10-11. Nonetheless, an appellate waiver will not act as "cause" for Petitioner's failure to raise this issue on direct review, as the Ninth Circuit has recognized that 28 U.S.C. § 2255 may not be invoked to collaterally litigate claims foreclosed by such a waiver. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

when "at the time of petitioner's plea, the Federal Reporters were replete with cases involving challenges" on an identical theory).

At the time of Petitioner's sentencing, the issue he raises now was receiving great attention from the Supreme Court. On November 5, 2014, prior to Petitioner's sentencing, the Supreme Court heard oral argument on *Johnson*. 135 S. Ct. 2551. On April 20, 2015, seven days prior to Petitioner's sentencing, the Supreme Court heard reargument specifically on the unconstitutional vagueness of the ACCA. *Id.* Under such circumstances, Petitioner cannot establish that his argument was "so novel that its legal basis [was] not reasonably available to counsel." *Reed*, 468 U.S. at 16.

Nor may Petitioner establish "cause" by showing that his attorney's failure to raise the issue at trial constituted ineffective assistance of counsel. "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982). As explained below, the Court determines that Petitioner's reliance on *Johnson* is meritless.

**B.   Prejudice**

Neither can Petitioner show "actual prejudice" resulting from his failure to argue the vagueness of the ACCA on direct review. To establish prejudice, Petitioner must show that an error at sentencing "worked to his actual and substantial disadvantage, infecting [the proceeding] with error of constitutional dimensions." *Frady*, 456 U.S. at 170.

No prejudice can exist where the Supreme Court's holding in *Johnson* is inapplicable to Petitioner's sentence. In *Johnson* the Supreme Court found the language

in the residual clause of § 924(e)(2)(B)(ii) to be unconstitutionally vague. 135 S. Ct. at 2555. But Petitioner did not receive a mandatory minimum sentence pursuant to the ACCA. Petitioner had no prior criminal history, a necessary element under the ACCA. 18 U.S.C. § 924(e)(1). Petitioner received his mandatory minimum sentence of 60 months pursuant to the mandatory minimum enhancement under 21 U.S.C. §§ 841(a)(1), (b)(1)(B).

Petitioner's sentencing was unrelated to the ACCA. Therefore, Petitioner can not rely on *Johnson* to reduce his sentence. Petitioner has failed to raise any failure at sentencing that resulted in prejudice.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Petitioner's motion under 28 U.S.C. § 2255 (Dkt. 1) is **DENIED**.

Dated this 23rd day of August, 2016.

BENJAMIN H. SETTLE
United States District Judge